

NOV 10 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **STEVEN GREER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 3:14cv767 |
| | ) | |
| **B & M AND KING GEORGE** | ) | |
| **AUTO PARTS, INC.** | ) | |
| a Maryland corporation, | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ROGER MOORE** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Steven Greer, by counsel, complaining of Defendants, alleges and says:

### NATURE OF THE ACTION

1. This proceeding is an action for declaratory relief, injunctive relief and to recover backpay and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for Plaintiff Steven Greer ("Greer").

### Parties

2. Defendant B&M and King George Auto Parts, Inc. ("B&M"), is a Maryland corporation with corporate headquarters located at 11700 Brandywine Road, Clinton, Maryland 20735. B&M is registered and conducts business in the Eastern District of Virginia, selling to and buying from the public automobiles. Defendant B&M is an "employer" within the meaning of 29 U.S.C. § 207(a)(1) and was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

3.     Defendant Roger Moore ("Moore"), is Manager of Defendant B&M, and at all times during Plaintiff's employment with B&M, Moore was Plaintiff's supervisor. Defendant Moore is an "employer" within the meaning of 29 U.S.C. § 203(d).

4.     Plaintiff is a resident of Fredericksburg, Virginia and a former employee of Defendant B&M. Plaintiff worked at B&M's King George County, Virginia location at 9003 Kings Highway from 1985 until his termination on June 19, 2014.  At all times relevant hereto, Plaintiff was an "employee" of Defendants B&M and Moore within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## Jurisdiction and Venue

7.     This Court has jurisdiction over the claims in this action pursuant to the FLSA, 29 U.S.C. §§ 216 (b), 217 and 28 U.S.C. §1331.

8.     This Court has jurisdiction over the tort claim pursuant to 28 U.S.C. § 1367.

9.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims in this action occurred in this District and Division.

## Factual Allegations

10.     At all times relevant herein, Defendant B&M was an "enterprise" engaged in commerce or in the production of goods for commerce as that term is defined by 29 U.S.C. §203(s)(1).

11.     At all times relevant herein, Defendant B&M had an annual gross volume of sales made or business done in excess of $500,000.

12.     Plaintiff was a salaried employee with Defendant B&M between 1985 and June 19, 2014, with two interruptions, a nine month break in 1991 and roughly four years between 1999 and 2003.

13.     Plaintiff's last position with Defendant B&M was Inventory Specialist. In this position, he maintained an accurate inventory of all vehicles in Defendant B&M's possession.

14.     Plaintiff was salaried, earning around $62,000 per year.

15.     As a salaried employee, Mr. Greer frequently worked more than 40 hours per week, for example during updates for the company's computer system.

16.     Plaintiff was also usually the first person at work, and he frequently opened up the office in the morning.

17.     As a salaried employee, he did not demand, or receive, overtime pay for this overtime work.

18.     On June 11, 2014, Plaintiff had an appointment early in the morning. He entered this two hour appointment on his work calendar, so everybody else in the office would be aware of his absence.

19.     Surprisingly, and contrary to past practices, Defendant B&M docked Plaintiff's pay for these two hours.

20.     On June 19, 2014, Defendant Moore came into Plaintiff's office.

21.     Plaintiff asked Moore whether B&M had paid him for the two hours he was absent from work, and Defendant Moore responded that B&M had not paid him for this time.

22.     When Plaintiff asked why, Defendant Moore told him that he had no more sick leave.

23.    Plaintiff said, "But I'm on salary. I mean you paid me the day before - the week before - because I called in sick. I don't understand, why?"

24.    When Plaintiff did not get a satisfactory response, he stated, "Because I mean, well I'm going to call the labor board. You don't want to pay me my salary then I'll call the labor board."

25.    Defendant Moore countered, "I already – I just dealt with the labor board."

26.    Plaintiff responded, "Well, I'm on salary and you're not paying me."

27.    Defendant Moore replied, "Alright, I'll write you a separate check for it, but I would suggest that you start looking."

28.    Plaintiff then asked, "Why is that? You gonna fire me cause I called the labor board?"

29.    Defendant Moore then stated, "Yeah, because you are a pr_ck. You're a f_cking...," and Plaintiff interrupted Defendant Moore, asking, "I am a pr_ck?"

30.    Defendant Moore corrected himself, "You're a snitch."

31.    Plaintiff asked, "I'm a snitch, huh?"

32.    Defendant Moore confirmed, "Yeah."

33.    Plaintiff then said, "Well, then fire me right now and I'll leave right now if that's what you want to do."

34.    Defendant Moore responded, "You're a f_cking snitch. I'm tired of f_cking dealing with your bullsh_t."

35.    Defendant Moore then terminated Plaintiff and asked him to leave the premises.

36.    Defendant Moore acted with the scope of his employment when he terminated Plaintiff.

37.     At all relevant times Plaintiff was entitled to the rights, protections and benefits provided under the FLSA.

38.     Defendants B&M and Moore knew or should have known that federal wage laws, generally, and the FLSA, specifically, applied to its employees, including Plaintiff.

39.     Plaintiff's complaint and announcement that he was planning to complain about the pay issue to "the labor board" is protected conduct under the FLSA, and Defendants were prohibited from retaliating or discriminating against Plaintiff for making his statements.

40.     Defendants retaliated against Plaintiff when they terminated him after he announced that he was going to complain to the labor board.

41.     Defendants discriminated against Plaintiff when they terminated him after he announced that he was going to complain to the labor board.

42.     Defendants acted willfully in that they knew or should have known that their conduct was prohibited by the FLSA. Defendants showed a reckless disregard for the FLSA anti-retaliation provisions.

43.     Defendants did not act in good faith when they retaliated against Plaintiff and terminated his employment.

44.     Defendants had no legitimate reason to believe their retaliatory actions were not a violation of the FLSA, thus entitling Plaintiff to recover an award of liquidated damages.

**COUNT ONE**
**Retaliation in Violation of**
**29 U.S.C. § 215(a)(3)**

45.     The allegations of Paragraphs 1 through 44 are herein repleaded as if set forth in full.

46.     Defendants terminated Plaintiff because he had complained about the fact that Defendants were docking his salary and because he had told Defendants that he would file a complaint with the labor board.

47.     By terminating Plaintiff's employment with them, Defendants have willfully violated his rights to be free from retaliation, as guaranteed by 29 U.S.C. § 215(a)(3).

48.     As a result of Defendants' willful conduct, Plaintiff has been damaged.

49.     Defendants' actions are willful in that they knew or should have known that their conduct was prohibited by the FLSA.

50.     Defendants showed a reckless disregard for the FLSA anti-retaliation provisions. Defendants had an obligation to make proper inquiry into their FLSA compliance obligations but have failed to do so or, having inquired, have ignored or willfully attempted to avoid their legal obligations.

51.     Defendants have not acted in good faith with respect to their decision to retaliate against Plaintiff.  Defendants have no reason to believe their actions and omissions were not violations of the FLSA, thus entitling Plaintiff to recover awards of liquidated damages in amounts equal to his backpay.

### COUNT TWO
### Wrongful Termination in Violation of Virginia Policy
### (Bowman Claim)

52.     The allegations of Paragraphs 1 through 44 are herein repleaded as if set forth in full.

53.     The public policy underlying Virginia statutes, including Virginia Code § 40.1-29, protects employees against termination of employment for requesting payment of earned compensation.

54.     Defendants terminated Plaintiff's employment without any legal justification and in violation of Virginia public policies underlying Virginia Code § 40.1-29.

55.     Defendants' actions were intentional, malicious, willful, wanton, and reckless, entitling Plaintiff to an award of punitive damages.

56.     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered, continues to suffer, and will in the future suffer injury and damages, embarrassment, inconvenience, litigation expense, consequential damages and other injury.

57.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including but not limited to lost wages and other income in an amount to be proved at trial.


### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

B.     Enter judgment awarding Plaintiff actual damages in the amount shown to be due for backpay, with pre-judgment interest, against the Defendants;

C.     Enter judgment that Defendants' violations of the FLSA were willful;

D.     Enter judgment awarding Plaintiff an amount equal to his backpay as liquidated damages;

E.     Enter judgment for post-judgment interest at the applicable legal rate;

F.     Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit;

G.    Enjoin Defendants from future violations of the FLSA; and

H.    Enter judgment awarding Plaintiff damages for embarrassment, inconvenience, litigation expense, consequential damages and other injury.

I.    Enter judgment awarding Plaintiff punitive damages.

J.    Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action.

STEVEN GREER ,

By Counsel

Tim Schulte (VSB # 41881)
Lauren E. Fisher (VSB # 80360)
Shelley Cupp Schulte, P.C.
2020 Monument Avenue
Richmond VA 23220
(804) 644-9700
(804) 644-9700 [fax]
schulte@scs-work.com
fisher@scs-work.com